UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA J. SNYDER, | ) | Case No.: 1:08 CV 1031 |
| Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| CHARLES R. HARRINGTON, *et al.*, | ) | |
| Defendants | ) | ORDER |

Plaintiff Patricia Synder ("Plaintiff") commenced a personal injury action against Defendants Charles R. Harrington, *et al.,* seeking damages for injuries Plaintiff sustained from a motor vehicle accident. (ECF No. 46). The case is set for trial on Wednesday, November 17, 2010.

Now pending before the court is Defendant Professional Labor Services, Inc., dba. M.J. Miller Trucking's ("Defendant") Motion in *Limine* to Exclude or Limit Testimony of Henry P. Lipian or, in the Alternative, Request for *Daubert* Hearing. (ECF No. 63). Plaintiff retained Henry P. Lipian ("Mr. Lipian") as an expert witness in reconstruction of collisions. ( ECF No. 66). Mr. Lipian's testimony concerns the nature and impact of the accident's force on a vehicle occupant. (ECF No. 72). Defendant contends that Mr. Lipian does not meet Federal Rule of Evidence 702 standard for expert testimony. (ECF No. 63). Defendant argues that Mr. Lipian's testimony is not relevant to a material issue of the case and, further, Mr. Lipian's methods are not reliable. *Id*. Finally, Defendant argues that Mr. Lipian is not qualified to testify on the cause or extent of

Plaintiff's alleged injuries. *Id*. The court finds that Mr. Lipian's testimony is relevant and reliable pursuant to Rule 702, but must be limited to his expertise in reconstruction. Mr. Lipian cannot provide his opinion on the cause, existence, or extent of Plaintiff's injuries. For the following reasons, the court grants, in part, Defendant's Motion.

## I. STANDARD

Federal Rule of Evidence 702 governs the admissibility of an expert witness testimony at trial. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). Under Rule 702, an expert witness testimony is admissible if it is "not only relevant [to the case], but reliable" in its methodology. *Id*. at 589. Expert testimony is relevant if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702; *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2002). An expert testimony is relevant if the expert's "qualifications provide a foundation for a witness to answer a specific question." *Smelser v. Norfolk Southern Railway Co.*, 105 F.3d 299, 303 (6th Cir. 1997). Expert testimony is reliable if the expert, giving the testimony, is qualified because of his or her "knowledge, skill, experience, training, or education." *Id*.; *Smelser*, 105 F.3d at 303. Further, expert testimony is reliable if it is based on sufficient facts or data, and is the product of reliable principles and methods. *Id*. Rule 702 requires an expert to apply the principles and methods of his or her field reliably to the facts of the case. *Id*. (quotation marks omitted). Thus, an expert's conclusion based on an "inference or assertion must be derived by [a] scientific method." *Daubert*, at 589-90. Reliability is a "flexible" standard that allows courts "broad latitude" to determine whether an expert has reliably applied a method to the facts of the case. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141-142 (1999).

The party proffering the testimony bears the burden of showing that the testimony meets Rule 702 standard. *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 478 (6th 2008).

## II. LEGAL ANALYSIS

### A. The Expert Testimony Is Relevant Under Rule 702

Plaintiff has shown that Mr. Lipian's testimony is relevant pursuant to Rule 702. Plaintiff proffers Mr. Lipian's testimony to assist the jury "in understanding the nature of body movement while inside a motor vehicle, when the motor vehicle is struck from behind." (ECF No. 66). Mr. Lipian is an accredited reconstructionist with specific training in biomechanics, low speed impacts, occupants kinematics, occupant restraint systems, and vehicle kinetics. *Id*. As a reconstructionist, Mr. Lipian uses the fields of occupant kinematics and kinetics to investigate the nature of body movement during a collision *Id*. This investigation analyzes the "three separate impacts" of a crash: the vehicle to the object stuck; the occupants colliding inside the vehicles; and the internal loading and collision of internal body organs and anatomical structures. *Id*. Mr. Lipian's qualifications as a reconstructionist provides a sufficient foundation for him to assist the jury in understanding body movement during a low impact collision. For the foregoing reasons, Plaintiff provides sufficient evidence that Mr. Lipian is qualified to address this issue.

### B. The Expert Testimony Is Reliable Under Rule 702

Further, Plaintiff has shown that Mr. Lipian's testimony is reliable pursuant to Rule 702. First, Plaintiff provides sufficient evidence that Mr. Lipian is an accredited reconstructionist with substantial knowledge, experience, and training in the field. (ECF No. 66). Mr. Lipian is accredited by the Accreditation Commission of Traffic Accident Reconstructionists and serves as the president

of Introtech Crash Reconstruction Services. *Id.* In addition to his twenty plus years of reconstruction experience, Mr. Lipian has participated in a number of training sessions regarding kinematics, biomechanics, and reconstruction. *Id*. Further, Mr. Lipian has lectured at colleges and businesses on the subjects of biomechanics of accidents, occupant kinematics, low speed impact, and occupants restraints. *Id*. Mr. Lipian has been admitted as an expert in half a dozen cases for his knowledge regarding biomechanics and kinematics[1]. *Id*.

Second, Plaintiff provides sufficient evidence that Mr. Lipian's testimony is based on adequate data and reliable methods, and that he has reliably applied the methods to the facts of this case. Mr. Lipian reviewed available sources regarding the collision between Plaintiff and the Defendant. These sources include: patrol photographs; patrol report; repair estimate; motor carrier inspection report; and Plaintiff's description of damages sustained to her truck. (ECF Nos. 66, and 72). Further, Mr. Lipian applied reliable methods recognized in the field of reconstruction. These methods include: the concept of delta-v, a metric measuring the force experienced by a vehicle occupant during a collision; and issue specific reconstruction, the method that determines the occupant kinematics and risk factors during a collision. *Id*. Finally, Mr. Lipian's report and deposition indicate that he applied the available sources to the recognized reconstruction methods in a systematic and reliable manner. In both documents, Mr. Lipian goes into sufficient detail regarding his application of the data to the delta-v concept and issue specific reconstruction. *Id*. Thus, Plaintiff has shown that Mr. Lipian's testimony is reliable under Rule 702.

---

[1] Mr. Lipian was qualified as an expert in *Terry Hockenberry, et al., vs. Village of Coarrollton, et al.*, 5:00-cv-0127 (N.D. Ohio Sept. 6, 2000).

**C. Expert Testimony Is Limited To Reconstruction Methodology**

The court limits Mr. Lipian's expert testimony to opinions based on his experience as a reconstructionist. This includes testimony regarding the significance of the force magnitudes, force directions, and vehicle speeds during a collision. Mr. Lipian may testify to the general risk factors that a person of Plaintiff's makeup can experience during a collision similar to the incident at issue. Mr. Lipian may also testify to the potential mechanism of injury a person may endure in a collision similar to this incident. Yet Mr. Lipian is not a medical doctor, and thus is not qualified to testify about Plaintiff's specific injuries. *See Smelser*, 105 F.3d at 304 ("Huston [expert] is not a medical doctor who had reviewed Smelser's complete medical history, and his expertise in biomechanics did not qualify him to testify about the cause of Smelser's specific injuries."). Mr. Lipian must not testify about the cause, existence, or extent of Plaintiff's alleged injuries. This testimony is beyond Mr. Lipian's expertise as a reconstructionist.

### III. CONCLUSION

For the foregoing reasons, the court grants, in part, Defendant's Motion in *limine* to exclude or limit testimony of Henry P. Lipian. (ECF No. 63). Mr. Lipian may testify to the general risk factors and potential mechanism of injury a person of Plaintiff's makeup may experience during a collision similar to this incident. But Mr. Lipian cannot provide his opinion on the cause, existence, or extent of Plaintiff's injuries. Finally, the court denies Defendant's request for a *Daubert* hearing. *Id*. No pretrial hearing is needed in this case.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

November 15, 2010